THE STATE OF OHIO, APPELLANT, *v.* SHINGLES, APPELLEE.
(Two cases.)
THE STATE OF OHIO, APPELLANT, *v.* POWERS ET AL.,
APPELLEES.
THE STATE OF OHIO, APPELLANT, *v.* POWERS, APPELLEE.
(Two cases.)

(Nos. 7484, 7486, 7487, 7488 and 7489—Decided November 27, 1974.)

*Mr. James L. Burdon,* for appellees.
*Mr. Stephan M. Gabalac,* prosecutor, and *Mr. Frederic L. Zuch,* for appellant.

MAHONEY, J. These cases are before this court upon an appeal by the state of Ohio, pursuant to Crim. R. 12(J).

The trial court ordered the suppression of evidence seized, pursuant to two search warrants which the court found defective, as not having been "sworn to" before a judge, pursuant to Crim R. 41(C). They were, in fact, "sworn to" before a notary public.

The state has appealed, contending that such a defect is only ministerial and may be cured by presenting testimony of the affiant, and the judge who issued the warrant, to the effect that the affiant swore to the same facts contained in the affidavit, before the judge, as well as before the notary public, and prior to the issuance of the warrant.

The defendants (appellees) argue that Crim. R. 41(C) prohibits the state from presenting any additional testimony, unless it was recorded, transcribed, and made a part of the affidavit, as provided by Crim. R. 41(C).

The protection afforded by the Fourth Amendment to the United State Constitution requires that a search warrant be issued only by a detached and neutral judge, after a determination of probable cause. See: *Coolidge* v. *New Hampshire*, 403 U. S. 443; *Shadwick* v. *Tampa*, 407 U. S. 345; and *Nicholas* v. *Cleveland*, 125 Ohio St. 474.

The federal courts have long permitted the supplementing of affidavits for search warrants by oral testimony before a judge or magistrate. See: *Aguilar* v. *Texas*, 378 U. S. 108; *Spinelli* v. *United States*, 393 U. S. 410. Such testimony, in effect, bolstered the affidavit and many times required post-seizure hearings to ascertain if there was sufficient testimony to establish probable cause under Fed. R. Crim. P. 41 (C). Many times, such testimony before a judge or magistrate was unrecorded.

Courts have, generally, favored the validity of searches pursuant to a warrant because a contrary position might tend to discourage police officers from submitting their evidence to a judicial officer before acting. See: *United States* v. *Ventresca*, 380 U. S. 102.

Crim. R. 41(C) is similar to Fed. R. Crim. P. 41(C), except for two important additional sentences:

"Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may ex-

amine under oath the affiant and any witnesses he may pro-duce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit.''

The purpose of these two sentences is to eliminate post-seizure hearings at which oral evidence is introduced to bolster the affidavits that probable cause existed for the issuance of a warrant. They require that supplementing testimony be reduced to writing and made a part of the affidavit by attachment.

In the instant cases, we are not dealing simply with the omission of a judge to affix his signature to the jurat of an affidavit. If we were, we would not permit the search to fail for want of this ministerial act.

However, here the state asks that witnesses be sworn to show what was ''sworn to'' before the judge. This is more than a ministerial function. We cannot duplicate what was actually said to the judge. To permit testimony now as to what was said could only have, as its purpose, the bolstering of the ''probable cause'' necessary to the issuance of the warrant.

If all that remained to be done would be the transcription of the recorded testimony, we would call it a ''ministerial function,'' and permit it to be done. But here, we are asked to permit the taking of testimony, which is clearly prohibited by the rule. No written document or statement was presented to the judge for his signature, as is required by the rule, nor was the affiant's testimony recorded.

Accordingly, we affirm the judgment of the trial court in suppressing the evidence seized pursuant to the defective warrants. We therefore remand this matter to the trial court for further proceedings according to law.

*Judgments affirmed and causes remanded.*

Victor, P. J., and Hunsicker, J., concur.

Hunsicker, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution.