The STATE of Ohio, Appellee,

v.

JASCHIK, Appellant.

[Cite as *State v. Jaschik* (1993), 85 Ohio App.3d 589.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4621.

Decided March 1, 1993.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *Patrick F. McCarthy,* Assistant Prosecuting Attorney, for appellee.

*Martin F. White,* for appellant.

FORD, Presiding Judge.

This appeal is from a decision of the Trumbull County Court of Common Pleas, which found appellant, Neil M. Jaschik, guilty of aggravated drug trafficking, in violation of R.C. 2925.03, and guilty of having a weapon under disability, in violation of R.C. 2923.13.

The former husband of appellant's wife is a police officer, and in the past he had asked for information concerning appellant's drug activities. Appellant's wife had refused to cooperate. Now her former husband was again calling and asking for information about appellant. The former husband alleged that appellant was now having their daughter sell drugs at the high school.

At the former husband's request, appellant's wife went to the police station to discuss her daughter's activities. While at the police station, appellant's wife was questioned and eventually informed the police of appellant's possession of drugs and weapons in their home. The interview with the police lasted one hour. The interviewing officer, based upon the information relayed to him during this interview, then swore out an affidavit of probable cause for the issuance of a search warrant. In connection with the affidavit, the issuing judge heard the testimony of the officer. A tape was made of this testimony and it was played at a subsequent suppression hearing, but the material was never officially transcribed.[1]

Appellant has provided in his brief what he contends is a transcript of the entire contents of the tape. The officer testified that the informant was appellant's wife, that she appeared to be reliable, based upon the one-hour interview, that she provided sufficient details to describe the house and locations of the contraband, and that she described a pattern of conduct consistent with the sale of drugs.

A search warrant was issued. Several officers went to the residence, and appellant's wife answered the door. She allowed the officers to enter the home, and indicated that her husband was asleep upstairs. Appellant was awakened, shown a copy of the search warrant, and advised that he was not required to speak to the officers. Appellant indicated that he had read the warrant, that he did not want the police to tear up the house, and that he would direct them to the items in the warrant. The items identified in the warrant were found in the locations given by the appellant's wife.

---

1. The trial court did grant appellant's motion under Crim.R. 16 to have the tape transcribed, but the record does not contain such a transcript.

The items were seized and appellant was taken into custody. Appellant was informed of his *Miranda* rights, and then voluntarily gave an incriminating statement.

A complaint was sworn; two warrants on the complaint were issued; appellant was arraigned and entered a plea of not guilty. Appellant was then bound over to the grand jury, and was served a summons on the indictment on September 18, 1990.

On February 8, 1991, appellant filed a motion to suppress all evidence obtained as a result of the search, arguing that the warrant was not supported by probable cause.[2] The motion to suppress was bifurcated by agreement of counsel. On May 23, 1991, in an eight-page opinion, addressing the issue "whether the marital privilege prohibits use of spousal communication and observations of acts during the marital relationship at a hearing for the issuance of a search warrant," the trial court held that the privilege was not applicable in this instance. Further, the trial court held that, even if the privilege was applicable, in the absence of a showing of bad faith, the error in issuing the search warrant would not be imputed to the police.

On July 2, 1991, the trial court issued its opinion regarding the second portion of the motion to suppress: was the search warrant supported by probable cause and was the search reasonable? The trial court found against appellant as to both of these issues, and overruled the motion to suppress.

Appellant thereafter entered a plea of no contest; the trial court found him guilty, and sentenced him to an indeterminate period of four to fifteen years' imprisonment on count one, and a concurrent period of one year on count two. Appellant now appeals, raising the following assignments of error:

"1. The court erred to the prejudice of the defendant by denying his motion to suppress evidence seized as a consequence of the search warrant and the incriminating statement given by the defendant immediately subsequent to his arrest.

"2. The exclusionary rule requires that all evidence obtained as the consequence of an illegal search and seizure must be suppressed including the statement given by the defendant."

In support of appellant's first assignment of error, he sets forth five issues; however, only three arguments are actually raised: lack of probable cause to issue the search warrant, probable cause cannot be established through the use of

---

2. On May 7, 1990, the grand jury returned another indictment against appellant that he did knowingly possess a schedule I substance, in an amount exceeding three times the bulk amount, having previously been convicted of cultivation of hallucinogen (R.C. 3719.41).

privileged information, and the good faith exception to the exclusionary rule is not applicable. While we may agree with portions of appellant's argumentation, they do not necessitate the suppression of the evidence.

Prior to issuing the search warrant, the magistrate heard additional testimony under oath from the affiant, which was incorporated in the record by reference and integrated into the affidavit of probable cause to issue the warrant. Crim.R. 41(C), in part, states:

"Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witness he may produce. Such testimony shall be admissible at a hearing on a motion to suppress *if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit.*" (Emphasis added.)

Here the integrated testimony was recorded, but never transcribed and made part of the affidavit. At the suppression hearing, over appellant's objection, a tape of the integrated testimony was played.[3]

■ In addition to the tape, testimony was given by the affiant at the suppression hearing. The language of Crim.R. 41(C) "such testimony" may be read as limited only to that which is contained in the recording. The more proper interpretation, however, would limit all testimony used to corroborate and amplify the information contained in the affidavit, in light of Crim.R. 41(C) noncompliance.

■ Thus, interpreting "such testimony" to mean all integrated testimony, if the dictates of Crim.R. 41(C) were not followed, then neither the affiant nor anyone else should have been permitted to testify in a literal bolstering attempt to establish and or embellish probable cause at the suppression hearing by adding factual matter not submitted on the occasion of the probable cause hearing before the judge who issued the search warrant. *State v. Glover* (Dec. 20, 1978), Lorain App. No. C.A. 2781, unreported; see *State v. Graddy* (1978), 55 Ohio St.2d 132, 136–137, 9 O.O.3d 109, 111–112, 378 N.E.2d 723, 726, at fns. 2 and 3; but, cf., *State v. Shingles* (1974), 46 Ohio App.2d 1, 75 O.O.2d 14, 345 N.E.2d 614.

■ If we find that the state did not comply with Crim.R. 41(C), then our review of the magistrate's determination of probable cause would be limited, as in most appellate reviews of the issuance of search warrants, to the "four corners of the affidavit." *State v. Bean* (1983), 13 Ohio App.3d 69, 71, 13 OBR 83, 86, 468 N.E.2d 146, 150.

---

3. Appellant's counsel argued that the tape was hearsay, and also indicated that he had a transcript of the tape.

In arguing a lack of probable cause, appellant points to the use of hearsay in the affidavit, and contends that the magistrate had nothing before him to demonstrate that the informant was reliable. The affidavit states:

"On May 7, 1990 I was contacted by an informant who now appears to be reliable. This informant advised that Neil Martin Jaschik has a large supply of drugs, including marihuana, hash, cocaine and other unknown substances in his house located at 3437 County Line Road, Southington, Ohio. This individual also has guns and weapons including a machine gun type weapon. The informant further advised that Neil Martin Jaschik uses a V.I.P. blue Chevy van, Registration # 600MME for transportation of the drugs and illegal substance."

In *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, the Ohio Supreme Court discussed the review of a magistrate's probable cause determination, and the development of the case law of the United States Supreme Court. *Id.* at 328, 544 N.E.2d at 643, fn. 3.

"In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' (*Illinois v. Gates* [1983], 462 U.S. 213, 238–239 [103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548], followed.)" *Id.* at paragraph one of the syllabus.

The totality-of-the-circumstances approach is not inconsistent with the previous two-pronged approach, *George*, 45 Ohio St.3d at 328, 544 N.E.2d at 643, fn. 3. Thus, the discussion of the sufficiency of an affidavit in *Graddy*, 55 Ohio St.2d at 136–139, 9 O.O.3d at 111–113, 378 N.E.2d at 726–727, remains good law. Conclusionary statements of the informant's reliability, without providing underlying circumstances, which allow the magistrate to independently assess the informant's credibility, are insufficient. Our review of the affidavit alone does not allow for a common sense decision that contraband will be found in appellant's home. Probable cause does not exist to issue the search warrant on the "bare bones" affidavit, without the recorded integrated testimony.

*State v. Shingles* (1974), 46 Ohio App.2d 1, 3, 75 O.O.2d 14, 15, 345 N.E.2d 614, 615, discusses the last two sentences of Ohio's Crim.R. 41(C), the only difference between the Fed.R.Crim.P. 41(c) and Ohio's Crim.R. 41(C), and states:

"The purpose of these two sentences is to eliminate post-seizure hearings at which oral evidence is introduced to bolster the affidavits that probable cause

existed for the issuance of a warrant. They require that supplementing testimony be reduced to writing and made a part of the affidavit by attachment.

"In the instant cases, we are not dealing simply with the omission of a judge to affix his signature to the jurat of an affidavit. If we were, we would not permit the search to fail for want of this ministerial act.

"However, here the state asks that witnesses be sworn to show what was 'sworn to' before the judge. This is more than a ministerial function. We cannot duplicate what was actually said to the judge. To permit testimony now as to what was said could only have, as its purpose, the bolstering of the 'probable cause' necessary to the issuance of the warrant."

The *Shingles* court continued in dicta to state:

"If all that remained to be done would be the transcription of the recorded testimony, we would call it a 'ministerial function,' and permit it to be done. * * *" *Id.* at 3, 75 O.O.2d at 15, 345 N.E.2d at 615.

Two unreported Ohio appellate decisions have expanded upon the holding of *Shingles: State v. Coonrad* (Dec. 11, 1981), Erie App. Nos. 9094 and 9092, unreported, 1981 WL 5857; and *State v. Dreve* (Dec. 13, 1977), Franklin App. No. 77AP–383, unreported. Both *Coonrad* and *Dreve* held that it was not necessary for bolstering testimony to be transcribed and attached to the affidavit before the search warrant was issued.

*Dreve* approved the trial court's procedure whereby the judge indicated on the warrant that additional evidence had been taken, and that such evidence would be transcribed and made available upon the request of either party. *Dreve* ruled that it was sufficient that "the additional testimony is transcribed and made available as an attachment to the affidavit prior to the suppression hearing."

*Coonrad, supra,* states:

"Whether the transcribed statements were actually attached and made part of the affidavit is irrelevant, provided such statements are recorded and available for review (so as not to compel the reviewing court to guess as to the actual contents of the statements made to the judge issuing the warrant)."

In the instant action, oral evidence was presented to the issuing judge and incorporated by reference and integrated into the affidavit, and this testimony was recorded but never transcribed and attached to the affidavit. At the suppression hearing, the tape was played. The transcript of those proceedings merely notes that the tape was played and does not transcribe its contents. The search warrant contains the affidavit of the swearing officer and the following incorporation of this integrated testimony:

"Incorporated into this affidavit are the following: The testimony of Donald Hyde, appearing personally before the undersigned judge and being examined under oath, whose testimony was taken down by * * * recording equipment."

By the trial court's order of February 25, 1991, defendant was permitted to transcribe or copy the tape of the integrated testimony. The testimony of the swearing officer was available to appellant, as well as the trial court reviewing the issuance of the search warrant at the hearing on the motion to suppress. We adopt the dicta of *Shingles* and find the transcription and attachment of the integrated testimony to be ministerial tasks which will not cause the search warrant to fail. Accordingly, the information provided by the integrated testimony was properly considered in determining probable cause.

█ Appellant contends that even with the integrated testimony probable cause is lacking due to the need for further police investigation. Appellant contends that the police were not certain that the woman was the appellant's wife, or that appellant and his house even existed, at the time of the probable cause hearing. We disagree, and find sufficient probable cause for the search warrant to exist.

Another issue raised in support of appellant's first assignment of error, probable cause cannot be established through the use of privileged information, is based upon the tape and testimony at the suppression hearing.

The informant, relied upon by the affiant police officer, was the wife of appellant. Appellant contends that R.C. 2317.02(D) prohibits the use of spousal communications to form the basis of probable cause. In order to discuss this issue in a comprehensible manner, it is necessary to set forth the applicable statutes and rules. Evid.R. 501 states:

"The privilege of a witness, person, state or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience."

Further, R.C. 2945.42, in pertinent part, similarly states:

"Husband or wife shall not testify concerning a communication made by one to the other, or act done by either in the presence of the other, during coverture, unless the communication was made or act done in the known presence of a third person competent to be a witness * * *."

Evid.R. 601 states:

"Every person is competent to be a witness except:

" * * *

"(B) A spouse testifying against the other spouse charged with crimes except crimes against the testifying spouse or the children of either * * *."[4]

*State v. Rahman* (1986), 23 Ohio St.3d 146, 149, 23 OBR 315, 317, 492 N.E.2d 401, 405, discussed the interplay of these statutes and rules and held:

"Thus, although a spouse may be competent to testify in a criminal trial, R.C. 2945.42 confers a substantive right upon the accused to exclude privileged spousal testimony concerning a confidential communication made or act done during coverture unless a third person was present or one of the other specifically enumerated exceptions contained in the statute is applicable."

■ *Rahman* also distinguished *Trammel v. United States* (1980), 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186, authority relied on by the trial court here, in the absence of a similar federal statute conferring a right of spousal privilege in criminal matters. Thus, it is clear that, had this been a trial and his wife testified, appellant could have moved to have his wife's testimony excluded.

■ Proceedings for a search warrant differ from a trial in that the rules of evidence do not apply and, therefore, the hearsay statements of appellant's wife were introduced by the swearing officer.[5] The issue presented is whether the use of hearsay statements concerning confidential spousal communications violates R.C. 2945.42, which prohibits the testimony of a spouse.

While not directly on point, two unreported cases address a similar issue. *State v. Grubb* (Dec. 9, 1985), Lawrence App. No. 1735, unreported; and *State v. Ward* (June 24, 1985), Vinton App. No. 413, unreported, 1985 WL 11128, involve a spouse voluntarily giving letters, written by the accused spouse, to the police.

Both cases rely upon *Hanley v. State* (1896), 5 Ohio C.D. 488, 12 Ohio C.C. 584, which interpreted former G.C. 7284. The language of the previous statute is virtually the same used today in R.C. 2945.42. *Hanley* acknowledges a split in authority (over whether a divulgence of a spousal communication extends the privilege to the third party or if the divulgence removes the privilege) and

---

**4.** Shortly after appellant's wife went to the police station, Evid.R. 601 was amended to state: "Every person is competent to testify except: * * * (B) A spouse testifying against the other spouse charged with a crime except when either of the following applies: (1) A crime against the testifying spouse or a child of either spouse is charged; (2) The testifying spouse elects to testify."

**5.** Evid.R. 101(C) states:
"These rules (other than with respect to privileges) do not apply in the following situations:
"* * *
"(3) Proceedings for * * * issuance of warrants for arrest, criminal summonses and search warrants * * *."

decides that the statute does not apply to such divulgences. *Hanley,* 5 Ohio C.D. at 491, 12 Ohio C.C. at 589–590, states:

"The statute only provides that the husband or wife shall not testify to communications made by one to the other during the existence of this relation. It does not prevent the introduction of that communication in evidence, nor has that construction generally been put upon the statute. It only prevents these persons from going on the witness stand and divulging it; but if either of these parties divulge these things * * * it is clear that that third person may, if he be a witness in the case, offer that communication."

While we ultimately reach the same conclusion, *Hanley* should not be dispositive, as it relies upon case law from a state which does not have a corresponding competency statute as Ohio. *Hanley* relies upon *State v. Buffington* (1878), 20 Kan. 599, which at 616, specifically states that, under the criminal code of Kansas, "a wife is a competent witness in a criminal case against her husband, if she chooses to testify. *The State v. McCord,* 8 Kan. 232."

*Trammel,* 445 U.S. at 48, 100 S.Ct. at 911, 63 L.Ed.2d at 193, fn. 9, sets forth nine states, including Ohio, that in 1980 had statutes which rendered a spouse incompetent as a witness against the accused spouse. Of the other eight states, Hawaii repealed its statute in 1980, and under North Carolina's statute the spouse is competent to testify but cannot be compelled to give adverse testimony. States with similar competency statutes, Iowa, Mississippi, Pennsylvania, and Texas,[6] have addressed similar uses of "privileged" information obtained from the spouse of the accused.

*State v. Farber* (Iowa 1982), 314 N.W.2d 365, 367, states:

"The statute precludes adverse spousal testimony in a 'case.' A search warrant proceeding, however, is independent of any criminal case. It is ex parte and nonadversary. Moreover, the warrant is an investigative aid. At common law the privilege did not prevent officers from obtaining information from one spouse to assist in the investigation of the other. * * *

" * * * Even though we must apply the statute in accordance with its terms, we will not extend it by construction. * * * Consequently, we hold it does not apply to an application for search warrant."

*Ladner v. State* (Miss.1991), 584 So.2d 743, 748, found that the information was not privileged as other persons were aware of the location of the items seized. However, the court did also state:

---

**6.** No relevant case law could be found interpreting Wyoming's statute.

"We have been cited to no case in which this Court has extended the spousal privilege to require suppression of physical evidence which has been obtained by law enforcement officers as a result of their conversations with a spouse. We do not find in this case a violation of either of the statute concerning spousal competency, * * * or the evidence rule concerning the husband-wife privilege * * *."

*Commonwealth v. Dubin* (1990), 399 Pa.Super. 100, 581 A.2d 944, discusses both the state's marital privilege and the spousal immunity and finds that neither were violated when the wife turned the husband's financial records over to the police. *Jernigan v. State* (Tex.1983), 661 S.W.2d 936, at 938, fn. 4, indicates that it may be inappropriate to rely upon incompetent statements as the basis of an information, as nothing more is required to bring an accused to trial. *Jernigan* then distinguishes an arrest warrant as part of the investigatory process, and states:

"The language of Art. 38.11 speaks to testimony in a criminal proceeding. Here there was no testimony; indeed there was no criminal proceeding until after the warrant was procured. Nothing in Art. 38.11 prohibits the use of information supplied by a person other than as evidence in a criminal proceeding. A spouse as informant does not violate Art. 38.11's strictures."

We hold that the hearsay statements of the wife of the accused may be properly relied upon to form the basis of the probable cause under which a search warrant is issued. Accordingly, this issue is without merit.

 The final issue raised in support of appellant's first assignment of error is the application of the good faith exception to the exclusionary rule. As we have held that the transcription and attachment of the bolstering testimony are ministerial tasks, the absence of which will not defeat a search, the good faith exception has no application.

However, we hasten to add that without an indication that additional testimony has been incorporated, no properly trained law enforcement official could in good faith rely upon such a bare-bones affidavit. Further, it is always better to err on the side of caution in such matters, and the more appropriate course of action, when time allows, would be to strictly follow the dictates of Crim.R. 41(C).

Appellant's second assignment of error, premised upon a finding that the search was illegal, asserts that his station house confession must be suppressed. As appellant's premise is flawed (the search was not illegal), no analysis is required of whether " 'the challenged evidence is in some sense the product of illegal governmental activity.' " *New York v. Harris* (1990), 495 U.S. 14, 19, 110 S.Ct. 1640, 1643, 109 L.Ed.2d 13, 21, quoting *United States v. Crews* (1980), 445

U.S. 463, 471, 100 S.Ct. 1244, 1249, 63 L.Ed.2d 537, 545. As such, appellant's second assignment of error is without merit.

Based upon the forgoing, the decision of the trial court is hereby affirmed.

*Judgment affirmed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.