OPINION
Defendant-appellant, Morris Clark, appeals his conviction in the Clinton County Court of Common Pleas for possession of crack cocaine.
In September 1998, Detective John Chapman of the Clinton County Sheriff's Department received information from a confidential informant that appellant was dealing crack cocaine in the LK Motel in Wilmington, Clinton County, Ohio. Det. Chapman was familiar with appellant, a known drug dealer then under indictment for other drug offenses.
From September 18, 1998 to October 2, 1998, Det. Chapman conducted an undercover surveillance of the motel, specifically Room 28, which appellant was occupying. Det. Chapman observed appellant engage in suspected drug transactions on numerous occasions. On October 2, 1998, Det. Chapman sought a warrant to search the motel room and the vehicle appellant was driving. In support of his request, Det. Chapman presented an affidavit setting forth the informant's information and his own observations of appellant's activities. The search warrant was issued that same day.
On October 6, 1998, Det. Chapman executed the search warrant. He followed appellant to Dayton, Montgomery County, Ohio, where he lost appellant in a residential neighborhood. Det. Chapman arranged for appellant to be stopped when appellant returned to Clinton County. Appellant was later stopped, and he and his female passenger were taken into custody and placed in a Sheriff's Department cruiser.
When Det. Chapman arrived at the scene to conduct a search of appellant's vehicle, he was informed that appellant wished to speak with him. Appellant was banging his head on the cruiser window in an attempt to get Det. Chapman's attention. Det. Chapman approached the cruiser and opened the door, at which time appellant stated that he would tell the detective anything he wanted so long as the female passenger was not charged. Det. Chapman informed appellant that he wanted to know where the drugs were in the vehicle. Appellant stated the drugs were under the front seat and that they belonged to him. Marijuana and 23.7 grams of crack cocaine were discovered. After this exchange, appellant was not questioned by Det. Chapman or any other officers, although appellant initiated two subsequent conversations with Det. Chapman.
On October 7, 1998, appellant was indicted on one count of possession of crack cocaine, in an amount exceeding ten grams but less than twenty-five grams, in violation of R.C. 2925.11(A), a felony of the second degree, and one count of possession of marijuana, in an amount less than two hundred grams, in violation of 2925.11(A), a minor misdemeanor. On December 1, 1998, appellant filed a motion to suppress, alleging that the affidavit supporting the search warrant was based upon stale and unreliable information, and that the warrant had been untimely executed. Appellant also sought to suppress his statements to Det. Chapman as involuntarily given without proper Miranda warnings. A hearing was held on December 15, 1998 and the trial court took the matter under advisement.
On January 6, 1998, the trial court filed its judgment entry denying appellant's motion to suppress. The trial court found that the affidavit submitted by Det. Chapman was sufficient on its face to establish probable cause for the issuance of the warrant. The trial court also found that the warrant had been executed within the three-day period prescribed by Crim.R. 41(C) and R.C.2933.24 because a Saturday and a Sunday, which are excluded from time calculations, had fallen within the time between when the warrant was issued and the time it was executed. The trial court also found that, although appellant had yet to be read his Miranda
rights when he first solicited Det. Chapman, appellant's statements were spontaneous and voluntary, and they had not been elicited by police conduct.
On January 7, 1999, appellant pled no contest to the charge of possession of crack cocaine, and the trial court found appellant guilty of the charge. The trial court ordered that appellant serve a five-year term of imprisonment, pay a $7,500 fine, and that appellant's driving privileges be suspended for four years. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE COURT ERRED TO THE PREJUDICE OF DEFENDANT/ APPELLANT WHEN IT FAILED TO ALLOW COUNSEL FOR THE DEFENDANT TO PRESENT TESTIMONY FROM THE "CONFIDENTIAL INFORMANT" WHO ALLEGEDLY PROVIDED THE FACTUAL BASIS FOR THE ISSUANCE OF THE SEARCH WARRANT ON 10-2-98 AND FURTHER ERRED WHEN IT FAILED TO RULE ON THAT ISSUE IN ITS JUDGMENT ENTRY OF 1-6-99. FURTHER ERROR OCCURRED WHEN THE COURT AFFIRMED THE ISSUANCE OF THE SEARCH WARRANT.
 In his first assignment of error, appellant presents two issues for review. First, appellant contends that the trial court erred by not allowing him to subpoena and question the confidential informant used by Det. Chapman. Second, appellant contends that the trial court erred in finding that the search warrant was supported by probable cause.
A trial court's decision as to whether disclosure of an informant's identity is necessary will be reversed only for an abuse of discretion. State v. Feltner (1993), 87 Ohio App.3d 279,282. The informant's identity must be revealed where the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense. State v. Williams (1995), 73 Ohio St.3d 153,172, rehearing/reconsideration denied, 74 Ohio St.3d 1409, certiorari denied (1996), 516 U.S. 1161, 116 S.Ct. 1047, citing State v. Williams (1983), 4 Ohio St.3d 74, syllabus. An informant must be disclosed where the degree of participation by the informant is such that the informant virtually becomes a state's witness. Williams, 73 Ohio St.3d at 172. The burden is upon the accused to demonstrate that the need for the informant's testimony outweighs the government's interest in keeping the identity of the informant secret. State v. Brown (1992), 64 Ohio St.3d 649,653.
We initially note that the trial court did not expressly rule on appellant's attempt to subpoena the confidential informant. Nonetheless, the trial court's final decision overruling appellant's motion to suppress demonstrates its refusal to allow appellant to subpoena this informant.
As to the first issue presented by appellant, the testimony of the informant sought by appellant was not necessary to establish any element of the offenses for which appellant was charged. Nor could the informant provide any testimony concerning the circumstances of appellant's arrest and the search of his vehicle.
Appellant sought to subpoena the informant in an effort to attack the credibility of the information given by the informant to Det. Chapman, and thus the sufficiency of Det. Chapman's affidavit. However, Det. Chapman's affidavit did not contain any statements attesting to the veracity of the informant's information, even though appellant's conduct, as observed by Det. Chapman, tended to verify the informant's information. Thus, Det. Chapman's subsequent observations justified seeking a search warrant. It is clear that Det. Chapman relied upon his own observations, not the informant's information, when composing his affidavit.
Therefore, we find that the informant sought by appellant was not necessary to establish any element of the charged offenses, and that Det. Chapman's affidavit was not based upon the information given by the informant. The trial court did not err by not allowing appellant to subpoena the confidential informant.
As to the second issue presented for review, before a trial court may issue a search warrant, it must find that the warrant is supported by probable cause. Probable cause has been defined as a practical, common sense decision, given the totality of the circumstances, that there is a "fair probability that contraband or evidence of a crime will be found in a particular place."State v. Jaschik (1993), 85 Ohio App.3d 589, 595, appeal dismissed, 67 Ohio St.3d 1450. Review of a decision that probable cause for a warrant exists, when based upon an affidavit, is limited to a review of the affidavit. State v. George (1989),45 Ohio St.3d 325, 330. When reviewing an affidavit submitted in support of a search warrant, the appellate courts should accord great deference to the issuing judge's determination of probable cause. Any doubts should be resolved in favor of upholding the warrant. Id., paragraph two of the syllabus.
Appellant argues that the affidavit submitted by Det. Chapman failed to provide sufficient facts to justify issuing a search warrant. Appellant asserts that the affidavit attested to the veracity of the information given by the confidential informant without providing any evidence tending to show that the informant was reliable. Appellant contends that the affidavit contained nothing more than unsubstantiated assertions which would not support a finding of probable cause.
Det. Chapman's affidavit set forth the information provided by the confidential informant; information which was general in nature. Det. Chapman also provided detailed accounts of his own observations of appellant, which included numerous suspected drug transactions and other conduct consistent with drug-related activities. These observations tended to verify the reliability of the information provided by the informant regarding appellant's suspected activities at the motel. The facts related by Det. Chapman established probable cause sufficient to justify issuance of the search warrant.
Therefore, we find that the affidavit submitted by Det. Chapman was sufficient to provide probable cause to issue the search warrant. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT WHEN IT FOUND THAT HIS INCULPATORY STATEMENTS MADE TO DEPUTY CHAPMAN WERE SPONTANEOUS, AND THAT HE WAS NOT ENTITLED TO MIRANDA WARNINGS, AND WAS NOT BEING INTERROGATED AT THE TIME SUCH STATEMENTS WERE MADE.
 In his second assignment of error, appellant contends that the trial court erred by not granting his motion to dismiss statements to Det. Chapman admitting his possession of crack cocaine. Appellant argues that he was in custody and that his conversation with Det. Chapman was a custodial interrogation in violation of his Miranda rights.
When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best role to evaluate the credibility of witnesses and resolve questions of fact. State v.Clay (1973), 34 Ohio St.2d 250, 251. In reviewing the decision of a trial court on a motion to suppress, the appellate court must accept the findings of fact if supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 593, appeal dismissed, 69 Ohio St.3d 1488. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. Id.
An interrogation, as conceptualized in Miranda v. Arizona
(1966), 384 U.S. 436, 86 S.Ct. 1602, must reflect a measure of compulsion above and beyond that inherent in custody itself before it will be considered a "custodial interrogation." Rhode Islandv. Innis (1980), 446 U.S. 291, 300, 100 S.Ct. 1682, 1689; State v.Tucker (1998), 81 Ohio St.3d 431, 435. A custodial interrogation occurs when questioning is initiated by law enforcement officers.Innis, 446 U.S. at 298, 100 S.Ct. at 1688. The duty to advise a suspect of his constitutional rights arises only when questioning by law enforcement officers rises to the level of a custodial interrogation. State v. Gumm (1995), 73 Ohio St.3d 413, 429, rehearing/reconsideration denied, 74 Ohio St.3d 1423, certiorari denied (1996), 516 U.S. 1178, 116 S.Ct. 1275.
The requirements of Miranda do not affect the admissibility of volunteered statements made without police coercion or inducement. Tucker, 81 Ohio St.3d at 435. A defendant voluntarily initiates a conversation with law enforcement when he evinces a willingness and desire to engage a discussion about the investigation. Oregon v. Bradshaw (1983), 462 U.S. 1039,1045-1046, 103 S.Ct. 2830, 2835. There is no requirement that an officer interrupt a suspect in the course of making a volunteered statement to recite the Miranda warnings. Tucker,81 Ohio St.3d at 438.
In the present case, appellant solicited Det. Chapman and initiated a conversation with him. Appellant gave Det. Chapman every indication that he was seeking to talk about the investigation and willing to take any action necessary to prevent his companion from being charged with a crime. At no time did Det. Chapman seek to elicit information from appellant without appellant's prior indications of being willing to talk. Although appellant was under arrest at the time of the conversation, Det. Chapman did not attempt to interrogate appellant. Appellant initiated the contact and volunteered to give the information which Det. Chapman sought. Appellant spontaneously initiated a conversation with Det. Chapman and voluntarily made the challenged statements.
Therefore, we find that the trial court properly denied appellant's motion to suppress. Appellant's statements to Det. Chapman were voluntarily and spontaneously given without any coercion or inducement by Det. Chapman. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.