OPINION
The defendant/appellant, Nathan Graham ("the appellant"), appeals his conviction by the Hancock County Court of Common Pleas. For the following reasons, we affirm the judgment of the trial court.
The relevant facts and procedural history are as follows. On the evening of February 12, 1999, the appellant and his fiancée, Samantha Byerly, attended a large party at the home of Kathy Emmons and Phillip Cramer in Findlay, Ohio. The party lasted into the morning hours of February 13, 1999. At some point during the evening, thirteen year old Chantel Chaffin arrived at the party. She began to flirt with some of the male party-goers, including Kathy Emmons' boyfriend, Phillip Cramer. This apparently enraged Emmons and she, Byerly, and another female began to assault Chantel. Eventually, the appellant, Cramer, and several of the male party guests joined in the attack. Throughout the course of the lengthy beating, the girl was punched, kicked, pulled by her hair, choked, and burned with a cigarette. When Chantel collapsed, the appellant repeatedly pulled her off the ground by a dog collar around her neck, finally twisting it to such an extent that Chantel could not breathe. In fact, the dog collar eventually broke under the force of the appellant's grip.
The beating was followed by a discussion regarding what should be done with Chantel. Ultimately, the appellant and Cramer bound her hands and feet with an extension cord and placed her in the trunk of a car. The girl was driven to the rural farm where the appellant resided and taken into a shed that the appellant used as a bedroom. Inside the shed, the appellant, Cramer, Byerly, Emmons, and Scott Wears resumed attacking Chantel. The appellant used a knife to torment Chantel and to cut off the majority of her clothing. Then, the appellant forced Chantel to masturbate with a brush handle. The appellant next retrieved an unloaded semi-automatic handgun from his home, held the weapon to her head, and pulled the trigger.
When the abuse at the shed ended, Chantel was left in the bottom of a cistern tile by the appellant and Cramer, buried under bricks and pieces of a porcelain toilet. Several hours later, the appellant removed the girl from cistern and took her back to the shed at the insistence of Byerly, apparently with the idea that he would take her to another party with him as a "treat" for the other guests and kill her thereafter. However, before the appellant could carry out his plan, Chantel was rescued from the shed by law enforcement officers who were executing a search warrant on the appellant's home.
The appellant was charged on a sixteen count indictment. After going through five separate court-appointed attorneys, the appellant ultimately proceeded pro se at trial. The appellant was found guilty of one count of Attempted Murder, in violation of R.C. 2923.02(A), one count of Rape, in violation of R.C. 2907.02(A)(2), two counts of Felonious Assault, in violation of R.C. 2903.11(A)(2), one count of Felonious Assault, in violation of R.C. 2903.11(A)(1), one count of Kidnapping, in violation of R.C. 2905.01(B), one count of Having Weapons While Under Disability, in violation of R.C. 2923.13(A)(1), and a Firearm Specification charge, in violation of R.C. 2941.144.
He was sentenced to an aggregate term of fifty-five years in prison.
The appellant now appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in failing to apprise appellant of all appropriate warnings before granting his motion to waive counsel and proceed pro se at trial.
 The appellant asserts that the trial court erred in failing to follow all the necessary steps to ensure that his decision to waive counsel and proceed pro se
was made voluntarily, knowingly, and intelligently. Specifically, he contends that the trial court did not sufficiently discuss with him the possible defenses or the issue of mitigation with regard to the charges against him. Also, the appellant alleges that he has difficulty reading and writing, which inhibited his overall understanding of the gravity of waiving counsel. For the following reasons, we disagree with the appellant.
A criminal defendant is guaranteed the right to self-representation by the Sixth Amendment of the United States Constitution.[1] When a criminal defendant decides to exercise his or her right to waive assistance of counsel and undertake self-representation, it is incumbent upon a trial court to ensure that the defendant does so voluntarily, knowingly, and intelligently.[2] To that end, "[i]n order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right."[3] Specifically, the court's inquiry must determine that waiver was made with "an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstance in mitigation thereof and all other facts essential to a broad understanding of the whole matter."[4]
Furthermore, in determining whether a defendant's decision to represent himself is an informed one, the court must take into account the total circumstances surrounding the case including background, experience, and the conduct of the accused.[5]
The appellant essentially asserts that the trial court erred by failing to discuss in detail each possible defense or mitigating circumstance that the defendant could have presented. It is true that the trial court did not outline individual potential defenses or mitigating circumstances for the appellant. However, the trial court did inquire of him and his attorney as to whether these matters had been discussed. Furthermore, the court noted that it would not discuss these issues in detail because it was concerned that it would compromise the appellant's trial tactics vis-á-vis the prosecution. We note that the record in this case reveals that the appellant obtained information regarding defenses to his crime prior to trial. Furthermore, the appellant filed numerous motions and subpoenas with the court even while he was still represented by counsel. Hence, it is apparent that the appellant took an active role in his defense well before the case went to trial. Given the circumstances of this case, we find that the trial court's limited inquiry regarding defense and mitigation was adequate.
Appellant's assertion regarding his trouble with reading and writing is belied by the numerous motions that he filed with the trial court. Upon the trial court's inquiry, the appellant disclosed that he had been studying Ohio law for approximately ten months and that he understood it. Furthermore, the court's dialog with the appellant reveals that the appellant is a high school graduate. Finally, the trial court required that the appellant retain his trial counsel as stand-by counsel and encouraged him to seek assistance from stand-by counsel at any time. The transcript reveals that the appellant indeed utilized his shadow counsel extensively throughout the course of the trial. The easy availability of shadow counsel to the appellant further ameliorates any concerns regarding the appellant's ability to comprehend the proceedings because it "served to preserve for the appellant the traditional benefits associated with the right to counsel while still permitting appellant to present his own defense."[6] Based on all of the foregoing, we find that the appellant's waiver of counsel was made voluntarily, knowingly, and intelligently.
Accordingly, the appellant's first assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in failing to grant appellant's motion to suppress the search of his residence, pursuant to a warrant for the reason that the affidavit in support of the warrant clearly lacked the indicia of probable cause.
 For his second and final assignment of error, the appellant contends that the trial court improperly overruled his motion to suppress evidence obtained through the search of his residence, which he claims was the fruit of an invalid search warrant. We do not agree with the appellant's contention.
On Friday, February 12, 1999, the Findlay Police Department received a complaint of a missing thirteen year old female. The complaint stated that the girl may have been beaten and kidnapped. In furtherance of their investigation into the complaint, the department sought a search warrant from Findlay Municipal Court. A sworn affidavit in support of the warrant was filed and the court heard additional sworn testimony from other officers. Based on all the evidence, the magistrate determined that probable cause existed and a warrant was issued.
The appellant filed a motion to suppress all evidence obtained through the execution of the search warrant, asserting an insufficiency of probable cause. Due to an unfortunate malfunction in the municipal court's tape recording system, the supplemental testimony was not preserved. Because the testimony was not preserved, the trial court correctly found that it was limited to the four corners of the affidavit for the purpose of determining probable cause.[7] The trial court concluded that the affidavit, standing alone, lacked probable cause to support the warrant. Nevertheless, the trial court denied the motion to suppress on the basis of the good faith exception to the exclusionary rule.[8]
The appellant argues that the good faith exception was not applicable here because the officers were reckless in preparing their affidavit and because they lacked a reasonable belief in the existence of probable cause. The appellant premises his argument on the fact that the affidavit failed to illustrate how the appellant's farm was connected to the other information in the warrant.
United States v. Leon states that the good faith exception is inapplicable where there is evidence that the officers were dishonest, reckless in preparing their affidavit, or lacked an objectively reasonable belief that probable cause existed.[9] In order to determine whether the officers acted in good faith, we need not limit ourselves to the four corners of the affidavit.[10]
The principle error here was that the Municipal Court recording system malfunctioned and failed to preserve the supplemental testimony in support of the warrant. Although this was a regrettable turn of events, the officers can in no way be faulted for it. We agree with two of our fellow appellate courts, both of which, when faced with similar situations, held:
 Responsibility for recordation of the proceedings did not lie in the hands of the officers. Failure to record the testimony given by the officer to supplement the affidavit in support of the search warrant was an inadvertent error * * * which may not be imputed to the officers.[11]
 The officers here were acting under a significant time restraint in that they were pursuing a complaint of a missing youngster who they suspected had been severely beaten. Given these circumstances, it cannot be said that any omissions in the affidavit were the result of recklessness. Furthermore, we find that the officers acted both in good faith and with objective reasonableness when relying on the oral testimony to cure any error in the affidavit.
Accordingly, the appellant's second assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS, P.J, and BRYANT, J., concur.
[1] Faretta v. California (1975), 422 U.S. 8062.
[2] Id.
[3] State v. Gibson (1976), 45 Ohio St.2d 366, paragraph two of the syllabus.
[4] Von Moltke v. Gillies (1948), 332 U.S. 708, 723.
[5] State v. Glasure (1999), 132 Ohio App.3d 227, 236.
[6] State v. Overholt (1991), 77 Ohio App.3d 111, 117, quoting Statev. Allen (Mar. 1, 1988), Allen App. No. 1-86-11, unreported.
[7] State v. Jaschik (1993), 85 Ohio App.3d 589, 594, discretionary appeal not allowed (1993), 67 Ohio St.3d 1450.
[8] Citing United States v. Leon (1984), 468 U.S. 897, the Ohio Supreme Court, in State v. Wilmoth (1986), 22 Ohio St.3d 251, paragraph one of the syllabus, stated:
 The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid.
[9] Leon, 468 U.S. at 700-01.
[10] State v. Wesseler (Feb. 17, 1998), Butler App. No. CA 96-07-131, unreported.
[11] Wesseler, supra, quoting State v. Gerace (Feb. 18, 1986), Summit App. No. 12177, unreported.