DECISION *Page 2 
{¶ 1} The state appeals from the judgment of the trial court granting defendant-appellee Kevin Lee's motion to suppress evidence gained in a search of his residence. Because the affidavit supporting the search warrant lacked any temporal reference, we affirm the judgment of the trial court.
 {¶ 2} In September 2005, Lee was charged in a five-count indictment with various drug and weapons offenses. The evidence forming the basis for counts three, four, and five was seized from Lee's residence pursuant to a search warrant. Lee moved to suppress the evidence, arguing that the warrant was invalid because the supporting affidavit did not establish probable cause for the search. The trial court, relying on this court's decision in State v. Lauderdale,[1] agreed and suppressed the evidence after determining that the affidavit lacked any temporal reference and that the good-faith exception to the exclusionary rule did not apply.
 {¶ 3} The state now asserts, in a single assignment of error, that the trial court erred in granting Lee's motion to suppress. In support of its position, the state has marshaled three arguments: (1) that the affidavit, when read in "proper context," was sufficient to support a finding of probable cause despite the absence of a temporal reference; (2) that even if the affidavit was defective, the evidence was still admissible because the police officers were acting in good faith; and (3) that in determining whether the good-faith exception to the exclusionary rule applied, the trial court erred in failing to consider the unrecorded testimony of the police officers who had appeared before the issuing magistrate. We disagree. *Page 3 
 The Affidavit {¶ 4} A magistrate is generally granted broad discretion to determine whether an affidavit contains sufficient information to justify a finding of probable cause.[2] To make that determination, the responsibility of the issuing magistrate "is simply to make a practical, common-sense decision whether, given [the totality of the circumstances] * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place."[3]
 {¶ 5} Warrants are to be treated preferentially, and thus a magistrate's determination of probable cause should be afforded great deference by a reviewing court.[4] Preference should be given to upholding the warrant in doubtful or marginal cases.[5]
 {¶ 6} For a search warrant to be valid, it is axiomatic that probable cause must exist at the time the warrant is sought.[6] Thus, the supporting affidavit must "contain some information that would allow the magistrate to independently determine that probable cause presently exists-not merely that it existed at some time in the past."[7]
 {¶ 7} In the review of an application for a search warrant, judicial scrutiny of the magistrate's decision does not take the form of de novo review. Instead, once the magistrate's decision has been made, the role of a reviewing court is limited to *Page 4 
ensuring that there was a "substantial basis" for concluding that probable cause existed.[8]
 {¶ 8} Because there is nothing of record to indicate that the magistrate issued the search warrant in this case on anything other than the underlying affidavit, the validity of the warrant necessarily turns on the contents of the affidavit.[9] The affidavit states in relevant part as follows:
 {¶ 9} "The affiant, a Cincinnati Police Officer with training and experience in drug investigations, is familiar with the methods utilized by narcotics traffickers to prepare, transport, ship, and distribute narcotics into the community. During a drug investigation Keevin Lee (control number * * *) was found to possess approximately 500 grams of marijuana prepared for distribution into the community and was subsequently charged with Trafficking (prep for distribution). A search of Keevin Lee's vehicle incident [to] that arrest led to the discovery of a postal receipt with Keevin Lee's home address (7994 Colette Lane) printed on it. When questioned about that address, Keevin Lee initially denied it. Upon further questioning Keevin Lee admitted to living at 7994 Colette Lane but stated any contraband inside would belong to Donta Thrasher (control number * * *). Donta Thrasher was with Keevin Lee at the time of his arrest. During questioning by affiant, Donta Thrasher stated that he has approximately 100 pounds of marijuana stored inside Keevin Lee's home at 7994 Colette Lane. Keys found in Keevin Lee's possession at the time of his arrest were found to engage the tumblers on the front door lock at 7994 Colette Lane. Keevin Lee's name is also clearly printed on the mailbox at 7994 Colette Lane. Donta *Page 5 
Thrasher has convictions for Drug Trafficking (case number 93CRA018775) and Drug Trafficking (case number 93CRA038939).
 {¶ 10} "Based on the investigation conducted by the affiant and other members of law enforcement, the affiant believes that there will be additional marijuana and crack cocaine as well as proceeds made from the sales of marijuana and crack cocaine being stored within the above listed residence.
 {¶ 11} "The affiant further states that there is not an urgent necessity that the search be conducted in the nighttime."
 {¶ 12} The state maintains that, notwithstanding the absence of any dates, the affidavit, when read in "proper context," demonstrated that the police were involved in an ongoing investigation and that the information supporting the warrant was gathered just prior to the issuance of the warrant. Thus, the state asserts that the magistrate was correct in determining that there was probable cause to believe that contraband would be found at the specified residence.
 {¶ 13} But in Lauderdale, this court held that an affidavit underlying a search warrant failed to demonstrate probable cause, as a matter of law, where nothing was presented in the affidavit to date the information contained in it. We explained, "While it is true that the magistrate was entitled to make reasonable inferences from the information contained in the affidavit, there is nothing in this affidavit to support an inference as to when the events occurred. With respect to the element of time, the affidavit is not even barebones-it is simply bare."[10]
 {¶ 14} Like the affidavit at issue in Lauderdale, the affidavit here was devoid of any temporal reference. Thus it failed to provide the issuing magistrate with *Page 6 
sufficient information upon which to independently determine that probable cause existed at the time the search warrant was sought.
 The Exclusionary Rule {¶ 15} The state asserts that even if the affidavit failed to establish probable cause, the good-faith exception to the exclusionary rule applied here to overcome suppression of the evidence.
 {¶ 16} In support of its position, the state first urges us to reconsider our holding in Lauderdale in light of the recent United States Supreme Court decision in Hudson v. Michigan,[11] which the state contends has severely restricted the application of the exclusionary rule. For the following reasons, we decline to do so.
 {¶ 17} The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect * * *."[12] The purpose of the rule is to deter police negligence and misconduct by permitting the suppression of inherently trustworthy evidence when that evidence has been obtained in violation of the Fourth Amendment.[13] And the suppression of evidence is a proper remedy only when the purposes of the exclusionary rule will be furthered.[14]
 {¶ 18} The state's reliance on Hudson in the case before us is misplaced. In Hudson, the Supreme Court considered whether the exclusionary rule was an appropriate remedy where police officers admittedly violated the constitutional knock-and-announce rule during the execution of a valid search warrant. *Page 7 
 {¶ 19} The constitutional violation at issue in Hudson was the failure of the officers to comply with the knock-and-announce requirements while executing a valid search warrant. In this context, the Court's decision did not provide a framework for determining whether to exclude evidence seized pursuant to a warrantless search of a defendant's home. Rather, the Court considered the appropriateness of expanding the exclusionary rule to cases involving knock-and-announce violations. And the Court emphasized this distinction by noting that "cases excluding the fruits of unlawful warrantless searches say nothing about the appropriateness of exclusion to vindicate the interests protected by the knock-and-announce requirement."[15]
 {¶ 20} The Court determined that suppression of evidence is proper when it vindicates the interests protected by the constitutional guarantee that has been violated.[16] Because the interests safeguarded by the knock-and-announce rule-protection of life, property, and elements of privacy and dignity — are removed from and unrelated to the seizure of evidence, the Court held that the exclusionary rule was inapplicable to knock-and-announce violations.[17]
 {¶ 21} Unlike the interests at issue in Hudson, the constitutional guarantee that a search warrant only issue upon a showing of probable cause protects every citizen's interest in preventing the government from seeing or taking evidence without justification. This was the interest police officers violated in the case before us and inLauderdale. And because this violation had everything to do with the seizure of the evidence sought, we hold that the exclusionary rule was the proper *Page 8 
remedy to be applied. And notwithstanding the state's argument to the contrary, our holding finds support in Hudson. As stated by the Court, "[u]ntil a valid warrant has issued, citizens are entitled to shield `their persons, houses, papers, and effects,' from the government's scrutiny. Exclusion of the evidence obtained by a warrantless search vindicates that entitlement."[18]
 The Good-Faith Exception {¶ 22} Finally, the state maintains that the trial court erred when it excluded the supplemental unrecorded testimony of the police officers appearing before the issuing magistrate. The state contends that the officers' testimony gave temporal context to the affidavit and demonstrated that the police acted in objective good-faith reliance on the search warrant.
 {¶ 23} The good-faith exception to the warrant requirement was first recognized by the United States Supreme Court in United States v.Leon.[19] 9 The Ohio Supreme Court adopted this exception two years later in State v. Wilmoth.[20]
 {¶ 24} At its core, the good-faith exception recognizes that the purpose of the exclusionary rule, to deter police negligence and misconduct, cannot be furthered by excluding evidence seized by an officer acting in good faith.[21] The good-faith exception acknowledges that the exclusionary rule "cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity."[22]
 {¶ 25} To determine whether the good-faith exception to the exclusionary rule applied here, the state urges this court to hold that a reviewing court may go *Page 9 
beyond the four corners of an affidavit and consider the unrecorded testimony of witnesses appearing before the issuing magistrate.
 {¶ 26} But to do so would ignore and run afoul of the Crim.R. 41(C) safeguards. The purpose of Crim.R. 41(C) is to protect a defendant's rights against the introduction of oral evidence at a post-seizure hearing on a motion to suppress intended "to bolster the affidavits that probable cause existed for the issuance of a warrant."[23] And the requirement that supplemental testimony be "recorded [and] made a part of the affidavit" serves the additional purpose of removing any concern that a reviewing court will have to guess about the actual statements made to the magistrate issuing the warrant.[24] Accordingly, we decline to expand the application of the good-faith exception beyond the recording requirement of Crim.R. 41(C).
 {¶ 27} Because we hold that there was no substantial basis for the issuing magistrate to conclude that probable cause existed, we affirm the trial court's grant of Lee's motion to suppress. As we held inLauderdale, the good-faith exception does not apply when "an affidavit bereft of dates or other chronological information is so obviously lacking-so fundamentally inadequate-that the state cannot demonstrate that an executing officer could have reasonably presumed it to be valid."[25] *Page 10 
 {¶ 28} Accordingly, the single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT, P. J., HENDON and CUNNINGHAM, JJ.
[1] (Feb. 18, 2000), 1st Dist. Nos. C-990294 and C-990295.
[2] United States v. Ventresca (1965), 380 U.S. 102, 108-109,85 S.Ct. 741.
[3] State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus.
[4] See id., paragraph two of the syllabus; see, also, State v.Lauderdale.
[5] See id. at 330, 544 N.E.2d 640, citing Illinois v. Gates (1983),462 U.S. 213, 103 S.Ct. 2317, fn. 10.
[6] Sgro v. United States (1932), 287 U.S. 206, 210,53 S.Ct. 138.
[7] State v. Lauderdale, citing Sgro v. United States, supra.
[8] State v. George, 45 Ohio St.3d at 329, 544 N.E.2d 640.
[9] See State v. Eichhorn (1975), 47 Ohio App.2d 227, 229,353 N.E.2d 861.
[10] See State v. Lauderdale, supra.
[11] (2006), 547 U.S. 586, 126 S.Ct. 2159.
[12] United States v. Calandra (1974), 414 U.S. 338, 348,94 S.Ct. 613.
[13] United States v. Peltier (1975), 422 U.S. 531, 542,95 S.Ct. 2313.
[14] United States v. Leon (1984), 486 U.S. 897, 104 S.Ct. 3405.
[15] Hudson v. Michigan, 547 U.S. at 593, 126 S.Ct. 2159.
[16] See id. at 592, 126 S.Ct. 2159.
[17] See id. at 593-594, 126 S.Ct. 2159
[18] Id. at 593, 126 S.Ct. 2159, quoting the Fourth Amendment to the United States Constitution.
[19] (1984), 468 U.S. 897, 104 S.Ct. 3405.
[20] (1986), 22 Ohio St.3d 251, 490 N.E.2d 1236.
[21] See United States v. Leon, 468 U.S. at 919, 104 S.Ct. 3405.
[22] Id.
[23] State v. Shingles (1974), 46 Ohio App.2d 1, 3,345 N.E.2d 614.
[24] See Crim.R. 41(C); see, also, State v. Jaschik (1993),85 Ohio App.3d 589, 594, 620 N.E.2d 883, motion for leave to appeal overruled (1993), 67 Ohio St.3d 1450, 619 N.E.2d 419.
[25] State v. Lauderdale, supra. *Page 1