THE STATE OF OHIO, APPELLEE, *v.* EICHHORN, APPELLANT.█
(2 cases)

[Cite as State v. Eichhorn (1975), 47 Ohio App. 2d 227.]

(Nos. 74AP-271 and 74AP-272——Decided December 23, 1975.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. David Graeff,* for appellee.

*Mr. Robert M. Draper* and *Mr. Larry M. Solove,* for appellants.

McCORMAC, J. As a result of the execution of a search warrant and the seizure of property located at the home of defendants Stephen and Maria Eichhorn, the appellants, each was indicted and charged with two felony counts of receiving stolen property and one misdemeanor count of receiving stolen property. Defendants filed timely motions to suppress the evidence seized pursuant to the aforemen-

tioned search warrant. Those motions were overruled. Defendants entered pleas of no contest as follows: Stephen H. Eichhorn to one felony count; Maria O. Eichhorn to one misdemeanor count. The other counts were *nolle prossed.* The court found defendants guilty of the charges for which no contest pleas were entered, and sentenced both according to law. They filed a timely notice of appeal.

Six assignments of error have been set forth, all of which relate to the issue of whether the trial court erred in not sustaining the motion to suppress evidence. Since the six assignments of error all relate to the same issue, they will be combined for discussion.

The affidavit, upon which the search warrant was based, states as follows:

"On 10-30-74 at 1:15 p. m., a report of an aggravated burglary and grand theft was filed with the Pickaway County Sheriff's Department (Report No. OF-10-74-122) on a residence located on S. Bloomfield-Royalton Rd., 1st house west of Circleville-Groveport Rd., being the residence of a Mr. David Dell. On 11-1-74, received information from a subject by the name of James Clarence Jones, who was arrested by the Pickaway County Sheriff's Dept. in connection with the above listed burglary. After having been advised of his Constitutional Rights, Jones stated that he had sold the items taken in the burglary to a subject that he knew by the name of Steve, who is also the owner of Kelley's Bar, located at 954 West Broad St., Columbus, Franklin County, Ohio. Jones further stated that he sold the items to this Steve subject inside of Kelley's Bar and at that time he overheard a phone conversation between Steve and his wife making arrangements to move the stolen items to his house. A check with the Columbus Police Vice Squad showed a subject by the name of Stephen H. Eichorn, 980 S. Yearling Rd., listed on the Liquor Permit as the owner. A further check in the Columbus City Directory, and in the 1974-1975 Ohio Bell Telephone Directory showed Stephen Eichorn residing at 980 S. Yearling Rd. Jones, in addition, stated that on numerous occasions he has sold other stolen property to this same subject at Kelley's Bar."

The record does not show any additional evidence was obtained, recorded or made a part of the affidavit, as required by Crim. R. 41(C), if such additional evidence is to be used to support a finding of probable cause by the magistrate to issue the search warrant. Consequently, the validity of the search warrant must be determined from the words of the affidavit only.

The basic test which must be applied in determining whether an affidavit for a search warrant is sufficient to meet constitutional standards is established by *Aguilar* v. *Texas* (1964), 378 U. S. 108, and *Spinelli* v. *United States* (1968), 393 U. S. 410. This test, as described by the United States Supreme Court in *Aguilar*, at page 114, is as follows:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant [citations omitted] the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed [citations omitted] was 'credible' or his information 'reliable.' "

Accordingly, the affidavit herein, which was predicated upon information obtained from an informant, must contain two basic types of information: (1) facts constituting underlying circumstances from which the informant concluded the stolen property was where he claimed it was; and (2) facts indicating some of the underlying circumstances justifying a conclusion that the informant was credible or his information reliable.

Furthermore, Crim. R. 41(C) properly states the test for the issuance of a search warrant by a magistrate. That rule provides that the warrant shall be issued upon probable cause and that "the finding of probable cause may be based upon hearsay in whole or in part provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."

Regarding reliability or credibility of an informant, the Ohio Supreme Court has stated as follows:

"Reliability and credibility are nebulous matters. No exact rule can be laid down as a guideline for the determination of such questions. Each case must be judged upon its own merits." *State* v. *Haynes* (1971), 25 Ohio St. 2d 264, at 268.

The real crux of the test is whether the magistrate has been supplied with sufficient facts to come to an independent conclusion, rather than relying solely upon the affiant's conclusion that there is probable cause for issuance of a search warrant. The test of probable cause, not certainty, also extends to the determination of the reliability of the informer. *State* v. *Haynes, supra.*

The supporting affidavit sets forth the following facts upon which an independent magistrate may consider, in arriving at a conclusion, that the informant was credible or his information reliable. Those facts are:

1. There was a burglary on October 30, 1974, at the home of one David Dell, Ashville, Ohio, and certain specific merchandise was stolen.

2. James Clarence Jones was arrested by the Pickaway County Sheriff's Department in connection with the above burglary.

3. Jones admitted selling items fitting the description of those taken from the Dell house to the owner of Kelley's Bar, located at 954 West Broad Street, Columbus, Ohio. That owner is known to him as Steve.

4. The Columbus Police Department independently checked the ownership of Kelley's Bar and found that owner to be Stephen H. Eichhorn.

5. Jones stated on numerous occasions he has sold other stolen property to the same person at Kelley's Bar.

In order to determine whether there is enough factual information for an independent magistrate to find probable cause that an informer is reliable or credible, the total of the factual information that was available to the magistrate must be considered. Frequently, any one piece of information is insufficient in itself and law can be produced

saying that it alone is insufficient. Yet, the test is not whether any one bit of information by itself provides the basis for finding probable cause, but whether the sum total so does. Much of the information contained in this affidavit, while insufficient in itself, constitutes items that may be considered with other facts and have some weight.

Let us look at some of the facts alleged in the affidavit. The informant is named, rather than being an unknown informant. The burglary of the dwelling was only two days before the information was supplied by the informant. The items taken from the dwelling were described by the informant and substantiated by the burglary report taken by the police on October 30, 1974. The informant has admitted the crime of burglary, certainly an admission against interest and, although not specifically, has implicated himself in other thefts. The owner of the bar, to whom the stolen property was sold, is described as Steve and the liquor permit shows the holder to be a man named Stephen.

As stated in *Haynes,* each case must be judged on its own merits, as each presents a unique combination of information. We cannot find that the trial court erred in this case in finding that the total information in the affidavit independently gave him probable cause to believe that the informant was reliable and credible.

Defendants also contend that the affidavit fails the second part of the *Aguilar* test, in that there was insufficient facts to inform the magistrate of some of the underlying circumstances to conclude the stolen property was where the informant claimed it was. Looking once again at the affidavit, we find that the affiant took the burglarized property to Kelley's Bar and sold it to Steve, described by the affiant to be the owner of the bar. While Steve is not specifically described as to his personal characteristics, the ultimate fact that he is the owner certainly identifies him.

While affiant was in the bar, he states that he overheard a phone conversation between Steve and his wife, making arrangements to move the stolen items to the bar owner's house. There are, of course, many ways that the informant could have knowledge of the identity of the

person Steve called. The ultimate fact is that a call was placed to Steve's house, planning to move the stolen items to that house. There is nothing to show that that statement constituted a conclusion, rather than an ultimate fact. Although defendants contend that the magistrate must be given all the evidentiary facts that led the informant to the ultimate fact that Steve was talking to his wife, that is not required or even completely possible. Ultimate facts may properly provide the basis for the magistrate's independent judgment.

The Columbus police ascertained the residence of the owner, Steve, to be 980 South Yearling Road, Columbus, Ohio, as listed on the liquor permit and verified by a check in the Columbus city directory.

Defendants contend that even if this is true, all that was heard were arrangments to move the property from Kelley's Bar to Yearling Road, and there was no information indicating that the stolen property had in fact been moved. An independent magistrate, using his independent judgment based on the facts in his possession, is certainly permitted to draw reasonable inferences from which probable cause can be concluded. Certainly, it would be highly dangerous to keep stolen property of this nature in a bar where agents of the state, including liquor agents, police officers and others, would be able to enter almost at will. It can, therefore, readily be concluded that the property was to be moved as soon as possible. The record indicates that the search warrant was issued on November 1, 1974, and executed at 12:05 a. m., on November 2, 1974. Once again, the total circumstances indicate sufficient facts to cause a reasonable magistrate, exercising his independent judgment, to conclude that it was probable that the stolen property would be found on the premises of Stephen H. Eichhorn, 980 South Yearling Road, Columbus, Ohio.

Defendants further contend that there was no justification for a nighttime search of defendants' premises. The supporting affidavit requests a nighttime search based on the possibility that the stolen property will either be sold or moved prior to the execution of a daytime search. A fence,

holding stolen property, is certainly going to dispose of the property as soon as possible. As this court stated in *State* v. *Marko* (1973), 36 Ohio App. 2d 114, the determination to order a nighttime search is one lying within the sound discretion of the issuing judge. A search ordered to be conducted in the night cannot be found to have been improperly ordered unless the complaining party demonstrates that the issuing judge abused his discretion in ordering the search in the nighttime rather than in the daytime. Here, while it may be debatable as to whether there was an urgent necessity for a search in the night, there has been no showing of an abuse of discretion on the part of the issuing judge in so determining. The assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and HOLMES, J., concur.