OPINION.
In these separate appeals, the state argues that the trial court erred by granting the motions to suppress evidence filed by Jeremy Lauderdale and Terrence Spratley, co-defendants charged separately with one count of possession of cocaine in violation of R.C. 2925.11(A). Both motions were premised upon the argument that the search warrant used to obtain evidence against Lauderdale and Spratley was issued on less than probable cause, due principally to the absence of dates in the supporting affidavit. The state argues that (1) the affidavit was sufficient to support a finding of probable cause notwithstanding the absence of dates, and (2) even if the affidavit was defective, the evidence was still admissible because the police officers were acting in good faith. We reject both arguments and therefore affirm.1
 THE AFFIDAVIT
The state's first contention is that the trial court was wrong to conclude that the absence of any dates whatsoever in the affidavit rendered it insufficient to establish probable cause. According to the state, even without dates, the affidavit contained sufficient information to warrant the magistrate's conclusion that there was probable cause to believe that drugs would be found at the specified residence. We disagree.
A magistrate is generally granted broad discretion to determine whether an affidavit contains sufficient information to justify a finding of probable cause. United States v. Ventresca
(1965), 380 U.S. 102, 108-109, 85 S.Ct. 741, 745-746. The Ohio
Supreme Court has made clear that warrants are to be treated preferentially, and therefore great deference should be shown to the magistrate's decision. State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640. Whether at the trial or the appellate level, judicial scrutiny of the magistrate's decision does not take the form of de novo review. Rather, the role of the reviewing court is only to ensure that the magistrate had a "substantial basis" for concluding that probable cause existed.Id. at 329, 544 N.E.2d at 644-645. Doubtful or marginal cases are to be resolved in favor of upholding the warrant. Id. at 330,544 N.E.2d at 645, citing Gates, supra, at 237, 103 S.Ct. at 2331, fn. 10.
The preference shown to warrants does not mean, however, that warrants can be issued on anything less than probable cause. While probable cause is a "fluid concept" not readily subject to definition and not amenable to hypertechnical rules, see Illinoisv. Gates (1983), 462 U.S. 213, 232, 103 S.Ct. 2317, 2320, the concept is not so amorphous that there are no fundamental requirements. One of these fundamental requirements is that probable cause must exist at the time the warrant is sought. Sgrov. United States (1932), 287 U.S. 206, 210, 53 S.Ct. 138. The affidavit must, therefore, contain some information that would allow the magistrate to independently determine that probable cause presently exists — not merely that it existed at some time in the past. Id. at 210, 53 S.Ct. at 140.
Because there is nothing of record to indicate that the magistrate issued the search warrant in this case on any additional materials or evidence, the validity of the warrant turns entirely on the contents of the affidavit. State v. Eichorn
(1975), 47 Ohio App.2d 227, 229, 353 N.E.2d 861. The pertinent part of the affidavit states:
The affiant, a Cincinnati Police Officer with training and experience in drug investigations, is familiar with the methods utilized by narcotics traffickers to prepare, transport, ship and distribute narcotics into the community. The affiant has received information from a reliable source that the residence located and described above was completely vacant with the exception of digital scales and firearm ammunition. Officers investigating this location witnessed a subject entering this location carrying a suitcase. Shortly thereafter, officers conducting surveillance on this location witnessed Brian Revere, Ctl# 2197582 arrive at this residence in the company of Larissa Thomas, DOB: 5/28/77 SS# 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. Brian Revere, Ctl# 2197582, then exited the residence and left the location in a car driven by Larissa Thomas, SS# 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. While constantly being monitored, this auto was stopped by officers, who recovered a quantity of marijuana from Brian Revere, Ctl# 2197582. At this time, Larissa Thoma, SS# 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 gave officers information that she drove Brian Revere, Ctl# 2197582 to 2252 Flora Street for the purpose of purchasing marijuana.
As can be seen, the affidavit does not offer any information with respect to when any of the events occurred. It is impossible from a reading of the affidavit to know just how long before the police sought the search warrant they had received information from a "reliable source" that the house was empty and contained digital scales and firearm ammunition. The reliable source is unidentified, and no information is given to establish his or her credibility. The affidavit does not provide any way of knowing when the person with the suitcase was observed in relation to the original tip, and how soon thereafter surveillance was begun. Finally, the affidavit offers no information to establish the reliability of Larissa Thomas as a source of information.
The state concedes that an affidavit in support of a search warrant "must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." Sgro, supra, at 210, 53 S.Ct. 138, 140. The state argues, however, that there is no bright-line test and, quoting from the case law, that "the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." United States v. LaMorie (C.A.8, 1996), 100 F.3d 547, quoting United States v. Koelling (C.A.8, 1993), 992 F.2d 817,822. While we have no quarrel with the latter proposition, we note that it is inapposite here, since the affidavit provides no basis to count the number of days.
The state also argues that the rule of temporality is more flexible in drug cases because such cases normally involve a longer course of conduct, and therefore that probable cause may continue for several weeks, if not months. See, e.g., UnitedStates v. Oritz (C.A.2, 1998), 143 F.3d 728. Again, however, the problem with this argument is that, without any dates whatsoever in the affidavit, the magistrate had no way of knowing if the events had transpired in a matter of days, weeks, months, or even years before the warrant was sought. While the temporal aspect of probable cause may be extended in drug cases, it does not stretch out indefinitely.
Finally, the state cites the several cases for the proposition that the absence of any specific dates in the warrant is not fatal to a finding of probable cause. In each of the cases cited by the state, however, the affidavit in question had at least one date from which the magistrate could have established a time frame. In United States v. Formaro (C.A.8, 1998),152 F.3d 768, the affidavit stated that the defendant had been under investigation since January 1996 and that the last controlled buy had been made two and one-half weeks before the application for a warrant. In United States v. McKeever (C.A.5, 1993), 5 F.3d 863, the affidavit contained at least two dates from which it was possible to infer a date for the controlled buy. In UnitedStates v. Jackson (Dec. 20, 1991), C.A.6 No. 91-5135, unreported, the police officer stated in the affidavit that he had spoken to an informant on the same date that the affidavit had been prepared. In United States v. Pearce (May 28, 1997) E.D.La. No. 97-52 Section N, unreported, the affidavit contained two dates indicating the beginning of the investigation and when an eyewitness had been interviewed. Finally, in State v. Yanowitz
(1980), 67 Ohio App.2d 141, 426 N.E.2d 190, the detective stated that he had arrested a male for possession of cocaine on the same date that he applied for the warrant, and that the male claimed that the defendant "always had marijuana in plain view in the house." Significantly, even with this chronological information, the court in Yanowitz stated that the determination of proximate cause was still "a close one" due to the absence of specific dates. Id. at 143, 426 N.E.2d at 195.
In sum, the state has not cited any case in which the supporting affidavit failed to give any time frame for the events described and was still found sufficient to establish probable cause. The affidavit in this case comes more squarely under the holding of State v. Navarre (June 9, 1989), Wood App. No. 88-CR-67, unreported. In Navarre, the affidavit, similar to the one here, failed to contain any chronological information. CitingSgro, the court in Navarre affirmed the trial court's granting of the defendant's motion to suppress, holding that the affidavit simply failed to demonstrate probable cause without something to indicate when the facts recited in the affidavit occurred.
Accordingly, we hold that the affidavit in the instant case failed, as a matter of law, to demonstrate probable cause. In reaching this determination, we are cognizant of the "great deference" to be accorded the magistrate's decision. However, without anything to date the information contained in the affidavit, we fail to see how the magistrate could have had a "substantial basis" to determine that probable cause existed at the time that the warrant was issued. While it is true that the magistrate was entitled to make reasonable inferences from the information contained in the affidavit, there is nothing in this affidavit to support an inference as to when the events occurred. With respect to the element of time, the affidavit is not even "barebones" — it is simply bare. Thus, we do not consider this either a marginal or a doubtful case. The affidavit was facially invalid.
 THE GOOD-FAITH EXCEPTION
The state argues alternatively that even if the affidavit failed to establish probable cause, the motion to suppress should have been denied because police officers acted in good-faith reliance upon the search warrant. Citing essentially the same cases used to support its first argument (none of which, as we have observed, dealt with an affidavit devoid of chronological information), the state argues that the affidavit was not so facially invalid as to make the officers' reliance upon it objectively unreasonable.
In State v. Wilmoth (1986), 22 Ohio St.3d 251,490 N.E.2d 1236, the Ohio Supreme Court adopted the "good-faith exception" to the exclusionary rule set forth in United States v.Leon (1984), 468 U.S. 897, 104 S.Ct. 3405. The exception precludes application of the exclusionary rule where the police have acted in objectively reasonable reliance upon a search warrant issued by a neutral and detached magistrate that is later found to be unsupported by probable cause. Id. at 918-923, 926,104 S.Ct. at 3418-3421, 3422. The rationale is that the deterrent purpose of the exclusionary rule is not served where the police have gone through proper procedures and it is the magistrate who has erred in finding probable cause. Id.
The trial court did not specifically address the applicability of the good-faith exception. Unlike a probable-cause determination, however, whether the good-faith exception applies is subject to de novo review. United States v. Whiting (C.A.9, 1986), 781 F.2d 692, 698. Significantly, although the burden at the suppression hearing was on the defendants to demonstrate the lack of probable cause for the warrant, the burden was on the state to prove that the officers' reliance on the defective warrant was objectively reasonable. United States v. Hendricks
(C.A.9, 1984), 743 F.2d 653, 656, certiorari denied, (1989)470 U.S. 1006, 105 S.Ct. 1362; United States v. Cook (C.A.10, 1988),854 F.2d 371, 373, certiorari denied (1989), 488 U.S. 1006,109 S.Ct. 788; State v. Navarre, supra.
The burden on the state, however, was eased by the principle that a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search. Leon, supra, at 922, 104 S.Ct. at 3420, citing United States v. Ross (1982), 456 U.S. 798, 823,102 S.Ct. 2157, 2172, fn. 32. Still, in Leon, the Supreme Court outlined a series of exceptions where this principle may not apply: (1) where the magistrate was misled by information that the affiant knew to be false; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the affidavit was so lacking in probable cause as to render official belief in its existence entirely unreasonable; and (4) where the affidavit bore some facial invalidity so obvious that the executing officers could not reasonably have presumed it to be valid. Id. at 923,104 S.Ct. at 3421. See, also, George, supra, at 331,544 N.E.2d at 646; State v. White (Jan. 18, 1995), Hamilton App. No. C-930711, unreported.
Reviewing these exceptions, we find the one most clearly apposite here to be the last, concerning facial invalidity. Significantly, the Supreme Court in Leon gave as an example of this category an affidavit "failing to particularize the place to be searched or the things to be seized * * *." Id. at 923, 104 S.Ct. 3421. Obviously, the Supreme Court is of the view that reasonably well-trained police officers should be cognizant of the fundamental requirement that a search warrant describe the area to be searched or the items to be seized with particularity. Similarly, we believe that a reasonably well-trained police officer should be aware of the requirement that probable cause exist when the warrant is issued, and to this end that the affidavit must contain some chronological information to allow the magistrate to make that determination. The need for particularity and the need for currency are, in our view, of equal importance and necessity. Further, neither requirement is difficult to grasp or hypertechnical in nature; indeed, if police officers are expected to understand the need for particularity, they can certainly be expected to understand that an affidavit must include some basis to date the information contained therein.
It should be emphasized that the standard of reasonableness is an objective one and in no way turns on the subjective good faith of the officers involved in obtaining and executing the search warrant in this case. There was no evidence presented at the suppression hearing that any of the officers who obtained and executed the search warrant were subjectively aware of the affidavit's defectiveness. Nothing in this decision should be read to suggest otherwise. We hold, simply, that an affidavit bereft of dates or other chronological information is so obviously lacking — so fundamentally inadequate — that the state cannot demonstrate that an executing officer could have reasonably presumed it to be valid.
Accordingly, the state's assignment of error is overruled, and the judgments of the trial court are affirmed.
Judgments affirmed.
 PAINTER and WINKLER, JJ., concur.
1 We have consolidated the separate appeals for the purpose of this decision. We have also removed the appeals from the accelerated calendar.