JOURNAL ENTRY AND OPINION
{¶ 1} Orlando Jones has filed a timely application for reopening per App.R. 26(B). Jones is attempting to reopen the appellate judgment that was rendered by this court in State v. Jones, Cuyahoga App. No. 83852, 2004-Ohio-4479, which affirmed his conviction for the offenses of drug trafficking, possession of drugs, and possession of criminal tools, but remanded for resentencing. For the following reasons, we decline to reopen Jones' original appeal on the basis of a lack of effective assistance of appellate counsel. Initially, we find that Jones' application for reopening is barred from consideration by this court as a result of the doctrine of res judicata. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 2} Herein, Jones possessed a prior opportunity to challenge the alleged ineffectiveness of his appellate counsel through a direct appeal to the Supreme Court of Ohio. Jones, however, failed to file an appeal with the Supreme Court of Ohio, with regard to Cuyahoga Appellate Case No. 83852, and has further failed to provide this court with any reason as to why an appeal was not filed with the Supreme Court of Ohio. Statev. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408. Jones has also failed to demonstrate why the circumstances of his appeal render the application of the doctrine of res judicata unjust. Thus, we find that the doctrine of res judicata prevents this court from reopening Jones' appeal.
 {¶ 3} Finally, a substantive review of Jones' brief in support of his application for reopening fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id;State v. Grimm, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; Statev. Campbell, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. Jones must establish the prejudice which results from the claimed deficient performance of appellate counsel. Jones must also demonstrate that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed, 74 Ohio St.3d 534, 1996-Ohio-21,660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Jones must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
 {¶ 4} State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.
 {¶ 5} In support of his claim of ineffective assistance of appellate counsel, Jones raises three proposed assignments of error:
Orlando jones has been deprived of his 6th amendment rights of the united states constitution by appellant (sic) counsel for failure to raise and argue ineffective assistance of trial counsel during pre-trial and trial.
Orlando jones has been deprived of his 14th amendment rights of the united states constitution by police misconduct during pre-trial and trial.
Orlando jones has been deprived of his 14th amendment rights of the united states constitution by police misconduct during pre-trial and trial.
 {¶ 6} Through his three proposed assignments of error, Jones essentially argues that appellate counsel was ineffective by failing to argue on appeal that the representation of trial counsel was deficient. Specifically, Jones argues that trial counsel was ineffective during the course of trial because of the following: (1) defective search warrant, (2) contradictory statements of Detective Cornell with regard to time of execution of the search warrant, and (3) ineffective defense strategy of trial counsel.
 {¶ 7} Jones has failed to demonstrate that the search warrant, as executed by the Cleveland Police Department, was defective. A search warrant may be based upon information received from a confidential informant. See Crim.R. 41(C); State v. Parker (1975), 44 Ohio St.2d 172,339 N.E.2d 648; State v. Zinkiewicz (1990), 67 Ohio App.3d 99,585 N.E.2d 1007. In addition, Jones has failed to demonstrate any prejudice resulting from the alleged contradictory statements of Detective Cornell with regard to the time of the execution of the search warrant or that execution of the search warrant during the "night season" resulted in any material prejudice affecting the outcome of his trial. State v.Durr, 77 Ohio St.3d 444, 1997-Ohio-292, 674 N.E.2d 1379; State v.Eichorn (1975), 47 Ohio App.2d 227, 353 N.E.2d 861.
 {¶ 8} Jones has also failed to establish that the outcome of his trial would have been different had trial counsel filed a motion to suppress the search warrant executed by the Cleveland Police Department. The Supreme Court of Ohio has consistently held that debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189. The decision to file a motion to suppress, as based upon the search warrant executed by the Cleveland Police Department, is a matter of trial tactics and strategy which this court will not second-guess. Strickland, supra, at 2065. It must also be noted that Jones has failed to demonstrate that the outcome of his trial would have been different had trial counsel filed a motion to suppress.
 {¶ 9} Accordingly, Jones' application for reopening is denied.
Cooney, P.J., Concurs, Calabrese, Jr., J., Concurs.